UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FELIPE MANUEL FUENTES,<br><br>    Petitioner,<br><br>   v.<br><br>LEANNE LUNDY, Warden,<br><br>    Respondent. | Case No. 8:25-cv-00420-WLH-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On February 19, 2025,[1] Felipe Manuel Fuentes ("Petitioner"), a state prisoner, proceeding pro se and seeking to proceed in forma pauperis, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254, seeking to challenge his 2001 state court conviction in Case No. 01WF1424. Dkt. 1 ("Pet." or "Petition").

---

[1] Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). Absent evidence to the contrary, courts treat a petition as delivered to prison authorities on the date it is signed. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Here, the Court will afford Petitioner the benefit of the mailbox rule and deems the Petition constructively filed on February 19, 2025, the date corresponding to the signature on the Petition.

Although Petitioner indicates he has not previously filed any federal habeas petitions regarding his 2001 state court conviction (Pet. at 7 (CM/ECF pagination)), federal records available electronically reveal Petitioner has previously filed a federal habeas petition challenging the same 2001 Orange County Superior Court conviction. See Felipe Manuel Fuentes v. Derral Adams, et al., Case No. 8:06-cv-00182-GW-CW (C.D. Cal.) ("Prior Action").[2] The Prior Action was filed on February 17, 2006. Id., Dkt. 1. It was denied on the merits and dismissed with prejudice on July 26, 2016, over eight years ago. See id., Dkt. 41, 47-48. Both the district court and Ninth Circuit Court of Appeals denied certificates of appealability. Id., Dkt. 49, 56.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court has reviewed the instant Petition and finds it appears to suffer from at least two defects, rendering it subject to dismissal.

## II.

## PETITIONER'S CLAIM

Petitioner ostensibly asserts one ground for relief, stating, in its entirety: "Claim under PC 745(a)," which the Court interprets to mean Cal. Penal Code § 745. Pet. at 5. In the supporting facts section, Petitioner purports to be asserting an entirely different claim, alleging the prosecution used peremptory challenges in a discriminatory manner in violation of Batson v. Kentucky, 476 U.S. 79 (1986) and People v. Wheeler, 22 Cal. 3d 258 (1978). Id. at 5, 11-17.

/ / /

---

[2] Under Fed. R. Evid. 201, the Court takes judicial notice of Petitioner's prior filings in state and federal courts. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [the Public Access to Court Electronic Records]."); Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding).

# III.

# DISCUSSION

Under Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition appears subject to dismissal because (1) it is second and/or successive; and (2) it is facially untimely.

**A.    The Petition Appears Second And/Or Successive**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). Title 28, United States Code, Section 2244(b) provides, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be

> sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A lack of authorization from the appropriate appellate court to file a second or successive habeas petition deprives the district court of jurisdiction to consider the petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (per curiam); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Here, Petitioner challenges the validity of his 2001 conviction. As noted, however, Petitioner previously challenged the same conviction in the Prior Action, which was adjudicated on the merits. See Prior Action, Dkt. 41, 47, 48. Thus, the Petition now pending appears to constitute a second and/or successive petition challenging the same conviction. Petitioner raised an identical Batson/Wheeler claim in the Prior Action. See id., Dkt. 1 at 9 (CM/ECF pagination), Dkt. 41 at 6, 40. The court denied Petitioner's Batson/Wheeler claim in the Prior Action, finding Petitioner failed to "mak[e] a prima facie showing of racial discrimination as to any of the challenged jurors." Dkt. 41 at 62. The United States Supreme Court has stated: "If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases." Tyler, 533 U.S. at 661 (citing 28 U.S.C. § 2244(b)(1)). Because Petitioner seeks to reassert a claim previously raised in a federal habeas petition, this claim must be dismissed under 28 U.S.C. § 2244(b)(1). See Spengler v. L.A. Cty. D.A. Off., 2020 WL 3470502 at *2 (C.D. Cal. June 23, 2020) (dismissing claim that was identical to claim previously raised in two prior federal habeas petitions).

To the extent Petitioner's claim could be construed as different from the Batson/Wheeler claim previously raised, the Petition remains subject to dismissal. As noted, Petitioner references Cal. Penal Code § 745(a), which would appear to raise only a state law issue, ordinarily not cognizable on federal habeas review. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Even if such a claim was cognizable, the Petition must be dismissed because Petitioner has not obtained permission from the Ninth Circuit to file a second or successive petition. As noted, the AEDPA requires that a petitioner who wishes to file a second or successive habeas petition to first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); Burton, 549 U.S. at 157. Absent the requisite authorization, the district court lacks jurisdiction to review the habeas petition. See Burton, 549 U.S. at 157; Cooper, 274 F.3d at 1274. Here, Petitioner did not include a copy of an order issued by the Ninth Circuit authorizing this Court to consider the Petition and the Court has not independently been able to locate any such order in a search of online records of the Ninth Circuit. Absent such authorization, it appears the Court lacks jurisdiction to consider the Petition.

**B.     The Petition Appears Facially Untimely**

District courts are permitted to consider, sua sponte, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. Day v. McDonough, 547 U.S. 198, 209-10 (2006); Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012). In addition to being second and/or successive, the Petition appears untimely.

Because the Petition was filed after the effective date of the AEDPA, it is subject to the AEDPA's one-year statute of limitations, as set forth at 28

1  U.S.C. § 2244(d). See Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014).
2  Ordinarily, the limitations period runs from the date on which the prisoner's
3  judgment of conviction "became final by the conclusion of direct review or the
4  expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).
5  Petitioner does not appear to contend that he is entitled to a later trigger date
6  under 28 U.S.C. § 2244(d)(1)(B)-(D), and the Court finds no basis for applying
7  a later trigger date. As such, Section 2244(d)(1)(A) governs in this case.

8       On December 7, 2001, an Orange County Superior Court jury found
9  Petitioner guilty of three counts of robbery. It also found true the armed and
10 weapon use allegations, as well as the prior conviction and prison term
11 allegations. See Orange County Superior Court, Criminal Case Summary at
12 visionpublic.occourts.org; People v. Felipe Manuel Fuentes, 10 Cal. Rptr. 3d
13 167, 171 (Cal. Ct. App. Feb. 26, 2004). On February 22, 2002, the trial court
14 sentenced Petitioner to 42 years to life in state prison. See California Courts,
15 Appellate Courts Case Information at appellatecases.courtinfo.ca.gov
16 ("Appellate Case Info").

17      Petitioner appealed his conviction, and on February 26, 2004, the
18 California Court of Appeal affirmed the judgment, with a modification
19 reflecting 37 days of presentence conduct credit. Pet. at 2-3; Fuentes, 10 Cal.
20 Rptr. 2d at 169. Petitioner's Petition for Review was denied by the California
21 Supreme Court on May 19, 2004.³ Appellate Case Info. As it appears
22 Petitioner did not file a petition for writ of certiorari to the United States
23 Supreme Court (Pet. at 5), his conviction became final 90 days later, on
24 August 17, 2004, when the period during which to petition for a writ of
25 certiorari expired. See Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th Cir.
26 2008); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA's

---

³ The Petition states the petition for review was denied on May 19, 2024 (Pet. at 3), but appellate court records indicates it was in 2004. Appellate Case Info.

6

one-year limitations period expired one year later on August 17, 2005. As noted, Petitioner did not constructively file the instant Petition until February 19, 2025, more than nineteen years after the expiration of the limitations period. Thus, absent tolling, the Petition appears untimely.

The burden of demonstrating that the AEDPA's one-year limitations period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). "A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). However, the filing of a federal habeas petition does not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Here, Petitioner collaterally filed a state habeas petition in the Orange County Superior Court on or about October 8, 2004, which was denied in a reasoned decision on November 15, 2004. Prior Action, Dkt. 41 at 3. Since that petition was filed within the AEDPA's one-year limitations period, Petitioner is entitled to statutory tolling for the period in which it was pending. Petitioner constructively filed his next state habeas petition in the California Court of Appeal on or about December 9, 2004. That petition was denied on January 27, 2005. Appellate Case Info. Petitioner next filed a habeas petition in the California Supreme Court on or about February 21, 2005, which was denied on January 18, 2006. Id. Petitioner also is entitled to statutory tolling while these state habeas petitions were pending. Additionally, because these two petitions were both filed within a reasonable time, Petitioner is entitled to gap tolling during the period of time between the denial of his first state habeas

petition and the filing of the second habeas petition, as well as the period of time between the denial of his second habeas petition and the filing of the third state habeas petition. See Robinson v. Lewis, 9 Cal. 5th 883, 901-02 (2020). Thus, Petitioner is entitled to statutory tolling from October 8, 2004, the date upon which his first state habeas petition was constructively filed, to January 18, 2006, when his third state habeas petition was denied. Thus, the limitations period was extended by 467 days, to November 27, 2006.

It appears Petitioner's remaining state habeas petitions were all filed after the expiration of the limitations period. See Pet. at 3-4; Appellate Court Info. Once the limitations period expired, it could not be reinitiated. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding 28 U.S.C. § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Therefore, statutory tolling does not appear to render the Petition timely.

In addition to statutory tolling, the AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 649 (2010). In order to be entitled to equitable tolling, the petitioner must show both that: (1) "he has been pursuing his rights diligently"; and (2) "'some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace, 544 U.S. at 418). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alternation in original) (citation omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." See Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended). Here, Petitioner does not appear to claim entitlement to equitable

tolling and the Court has not found any basis to support such a claim. As such, equitable tolling does not render the Petition timely.

The Petition thus appears time-barred to the extent Petitioner seeks to challenge his 2001 conviction.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, the Petition appears subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE by filing a written response within **thirty (30) days from the date of this Order** explaining why this action should not be dismissed under Habeas Rule 4. If Petitioner contends the Petition is not a second and/or successive petition, Petitioner must clearly explain why and attach any supporting documents. If Petitioner contends the action is timely, he must explain clearly and in detail why it is timely and provide any available competent evidence that establishes such timeliness.

<u>Alternatively</u>, Petitioner may voluntarily dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil Procedure 41(a). <u>The Clerk is directed to provide a Form Notice of Dismissal with this Order.</u> The Court warns that any claims that are voluntarily dismissed remain subject to the statute of limitations under Section 2244(d)(1).

**Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order.** <u>See</u> Fed. R. Civ. P. 41(b).

Dated: <u>March 28, 2025</u>

_____
JOHN D. EARLY
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). | |

PLEASE TAKE NOTICE: (*Check one*)

☐  This action is dismissed by the Plaintiff(s) in its entirety.

☐  The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐  The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐  The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐  **ONLY** Defendant(s) _____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____    _____
*Date*                                      *Signature of Attorney/Party*

NOTE:  **F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.**

**F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.**